State of N.Y. ex rel. Phone Admin. Servs., Inc. v Verizon N.Y., Inc.

2026 NY Slip Op 02163

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The State of New York ex rel. Phone Administrative Services, Inc., Plaintiff-Appellant,

v

Verizon New York, Inc., et al., Defendants-Respondents.

Decided and Entered: April 09, 2026

Index No. 100329/14|Appeal No. 6325-6333|Case No. 2025-01168 2025-00169 2025-01170 2025-01171 2025-01172 2025-01173 2025-01174|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Sparacino PLLC, New York (Tejinder Singh of counsel), for appellant.

Lowenstein Sandler, LLP, New York (Gavin Rooney of counsel) and Robinson, Bradshaw & Hinson, P.A., Charlotte, NC (Gregory L. Skidmore of the bar of the District of Columbia and State of North Carolina, admitted pro hac vice, of counsel), for respondents.

[*1]
[*2]

Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about January 22, 2025, which granted defendants Citizens Telecommunications Company of New York, Inc., Frontier Communications of Ausable Valley, Inc., Frontier Communications of New York, Inc., Frontier Communications of Rochester, Inc., Frontier Communications of Seneca Gorham, Inc., Frontier Communications of Sylvan Lake, Inc., Frontier Telephone of Rochester, Inc., and Ogden Telephone Company's motion for summary judgment (mot seq 34) dismissing the sixth amended complaint as against these defendants, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted the motion of defendants Verizon of New York, Inc., Verizon Communications Inc., XO New York, Inc. doing business as XO Communications (New York), XO Communications Services, LLC, MCImetro Access Transmission Services LLC, and MCI Communications Services LLC (collectively Verizon) for summary judgment dismissing the sixth amended complaint as against these defendants (mot seq 35); denied plaintiff's motion for summary judgment on its claim that certain defendants (the access line defendants) violated State Finance Law § 189(1)(h) (mot seq 44); and denied plaintiff's motion for summary judgment on its claim that certain defendants violated State Finance Law § 189(1)(g) (mot seq 45), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendants CenturyLink Communications, LLC and Level 3 Communications, LLC's motion for summary judgment dismissing the sixth amended complaint as against them (mot seq 36), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendant YMax Communications Corp.'s motion for summary judgment dismissing the sixth amended complaint as against it (mot seq 37), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendants' AT&T Communications of New York, Inc., AT&T Corp., and TC Systems's motion for summary judgment dismissing the sixth amended complaint as against them (mot seq 38), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 21, 2025, which granted defendant KPMG, LLP's motion for summary judgment dismissing the sixth amended complaint as against it (mot seq 39), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendant Metropolitan Telecommunications Holding Company LLC's motion for summary judgment dismissing the sixth amended complaint as against it (mot seq 40), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendants Altice USA, Inc., CSC Holdings, LLC, Cablevision Lightpath, LLC and NY OV, LLC's motion for summary judgment dismissing the sixth amended complaint as against them (mot seq 42), unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 22, 2025, which granted defendant Bandwidth Inc.'s motion for summary judgment dismissing the sixth amended complaint as against it (mot seq 43), unanimously affirmed, without costs.

[*3]

Plaintiff brings this qui tam action under the New York False Claims Act (the NYFCA), codified at State Finance Law §§ 187-194. In the pleadings, plaintiff alleges that the defendant telecommunications carriers systematically undercollected and underremitted surcharges (the E911 surcharges) intended to fund the enhanced 911 emergency system under New York's Enhanced Emergency Telephone System Surcharge Law (codified at County Law §§ 300-308) (the E911 Law), in violation of State Finance Law § 189(1)(h) (the shortfall claims). Plaintiff further alleges that defendants, along with their accounting firm KPMG, inaccurately reported the E911 surcharges in remittance forms periodically submitted to local governments, in violation of State Finance Law § 189(1)(g) (the remittance form claims).

Supreme Court correctly dismissed the shortfall claims, as plaintiff did not establish the elements necessary to sustain a claim under the NYFCA. In the shortfall claims, plaintiff contends that the access line defendants applied an incorrect definition of "access lines," incorporating a concurrent call limitation — that is, limiting the definition of "access lines" to the number of distinct telephone numbers that were able to place calls simultaneously rather than defining it to include all unique phone numbers, regardless of how many are capable of making simultaneous calls. Plaintiffs maintain that this incorrect definition resulted in undercounting the number of E911 Surcharges charged to their customers (see County Law §§ 303[1], 304[1]). However, the E911 Law is ambiguous with respect to the meaning of "access lines," and the evidence the parties offered on the issue does not fully resolve the ambiguity. In addition, the access line defendants' interpretation of the term, whether or not correct, was not unreasonable. As a result, even if the access line defendants misinterpreted and misapplied the E911 Law, they did not possess the requisite scienter required to find a violation of the NYFCA (see State Finance Law §§ 188[3], 189[1][h]; People v Sprint Nextel Corp., 26 NY3d 98, 113 [2015], cert denied 578 US 1012 [2016]).

Plaintiff's assertions that defendants Verizon, YMax, and Metropolitan Telecommunications Holding Company also undercharged E911 surcharges to their customers in other ways apart from the definition of "access lines" are not supported by the record.

[*4]

Moreover, Supreme Court correctly dismissed the remittance form claims. The failure to report the names of nonpaying customers, which were not specifically called for by any form (although generally required by County Law § 306[2]) does not constitute a "false record or statement" (see State Finance Law § 189[1][g]). Even if falsity and scienter are established with respect to the remaining statements, defendants established as a matter of law that those statements were not "material to an obligation to pay or transmit money or property to the state or a local government" (see State Finance Law §§ 188[5], 189[g]; Universal Health Servs. v United States ex rel. Escobar, 579 US 176, 193-194 [2016]; People ex rel. Hunter v Starbucks Corp., 60 Misc3d 204, 212 [Sup Ct, NY County 2018]). Plaintiff does not dispute that the effect of rounding certain numbers on remittance forms was de minimis, or that the reporting of zero uncollectible surcharges and exempt access lines did not deprive the counties of any money. Rather, plaintiff contends that the false statements were material insofar as they disguised defendants' undercounting of access lines and thereby prevented the counties from taking corrective action. But even if defendants had clearly and accurately reported the number of access lines they counted, as well as the number of exempt access lines and any uncollectible surcharges, their doing so would not have revealed the underlying methodology they employed to count access lines and therefore would not reveal the undercounting.

In view of our disposition of these issues, we need not reach the parties' arguments with respect to State Finance Law § 189(4)(a) and whether certain defendants are "service suppliers" within the meaning of the E911 Law.

We have considered plaintiff's remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026